ENTERED OCT 3 0 2014

STATE OF MAINE                          SUPERIOR COURT
KENNEBEC, SS.                           CIVIL ACTION
                                        DOCKET NO. AP-13-38
                                        6/4/2014

IN RE: PATRICK B.                          ORDER


Patrick B. appeals from an order of the District Court committing him to hospitalization for a period not to exceed four months at the Department of Veterans Affairs at Togus pursuant to 34-B M.R.S. § 3864. The District Court found by clear and convincing evidence that Patrick was mentally ill, that his behavior posed the likelihood of serious harm, that adequate community resources for care and treatment for mental health are not available and that in-patient hospitalization is the best available means for treatment of Patrick.

This appeal is predicated upon a question of law wherein the District Court ruled that the statutory provisions for involuntary hospitalization had been complied with. Patrick complains that he did not receive the appropriate examination within the time period required by statute.[1]

The facts, as found by the District Court, are that on Saturday, July 20, 2013, Patrick (the patient) was taken to the Eastern Maine Medical Center by the Bangor Police Department for emergency treatment, because of escalating behaviors and medication noncompliance. There was a concern that he presented a danger of harm to himself. Eastern Maine Medical Center then applied for emergency involuntary admission to a mental hospital pursuant to 34-B M.R.S. § 3863. On July 20, 2013, at

---

[1] The Order for hospitalization in a mental hospital issued by the Maine District Court, is dated July 31, 2013. It was an order for hospitalization not to exceed four months. This court is not aware of the current status of the patient, but is satisfied that the legal issue is not moot as an exception to the collateral consequences doctrine, in this case, the public interest exception, *In re Christopher H.,* 2011 ME 13; *In re Walter R.,* 2004 ME 77; *In re Kevin C.,* 2004 ME 76.

11:10 a.m., a judge of the District Court authorized the Bangor Police Department to take the patient into custody and to take him to the V.A. Hospital in Togus. Because a bed was not available at the Togus Veterans Administration Medical Center, the patient was transferred to Acadia Hospital, a non-state psychiatric hospital as defined by 34-B M.R.S. § 3801(1)(A). Later that same day, a bed became available and the patient was transferred to Togus where the time of admission as recorded by the hospital and verified by the V.A. doctor's testimony, was Saturday, July 20, 2013, at 1:52:20 p.m. The hospital performed the required post-admission examination at 12:55 p.m. on Sunday, July 21, pursuant to 34-B M.R.S. § 3863(7).

The patient argues that the case involves the transition from emergency hospitalization to a continuation of hospitalization pursuant to sections 3863 and 3864 and that admission must be determined to run from the time of the judicial endorsement committing the alleged incapacitated person to the psychiatric hospital. Patient seeks the dismissal of the application for involuntary admission and a vacation of the involuntary commitment.

Pursuant to 34-B M.R.S. § 3863(1), a health officer, law enforcement officer, or other person may apply to admit a person to a psychiatric hospital on the basis that the person is mentally ill and because of the person's illness poses a likelihood of serious harm. In subsection 2, the application must be accompanied by a dated certificate signed by a medical practitioner asserting that he or she has examined the patient on the date of the certificate, that the medical practitioner is of the opinion that the person is mentally ill and poses a likelihood of serious harm. It must further go on to indicate that there are no adequate community resources for the care and treatment of the person's mental illness and the grounds for the medical practitioner's opinion. Under subsection 3, the application and certificate must be reviewed by a justice of the

2

Superior Court, judge of the District Court, judge of Probate Court, or justice of the peace. Further, if finding the documentation to be in accordance with the law, it is required to endorse the application and send them to the admitting psychiatric hospital.

Under subsection 3(B),

> A person may not be held against the person's will in a hospital under this section, except that a person for whom an examiner has executed the certificate under subsection 2 may be detained in a hospital for a reasonable period of time, not to exceed 24 hours, pending endorsement by a judge or justice

Under subsection 7,

> Every patient admitted to a psychiatric hospital under this section must be examined as soon as practicable after the patient's admission. If findings required for admission under subsection 2 are not certified in a 2nd opinion by a staff physician or licensed clinical psychologist within 24 hours after admission, the person must be immediately discharged.

The statutory meaning of "admission" in the statutory scheme in issue appears clear. The law enforcement officer may take the patient to a "hospital", in this case the emergency room at the Eastern Maine Medical Center, where the person is to undergo a certifying examination by a medical practitioner pursuant to 34-B M.R.S. § 3862(2). That examination must take place within twenty-four hours which then provides the basis for an application to a judicial officer for the involuntary admission to a psychiatric hospital. Once the patient is admitted to a psychiatric hospital, there must be a second opinion to the certification for admission by a staff physician or licensed clinical psychologist within twenty-four hours after admission. There is no evidence that Eastern Maine Medical Center is a psychiatric hospital, or a non-state mental health institution, or a designated non-state mental health institution as defined in 34-B M.R.S. § 3801(7)(B). Therefore, the requirement under § 3863(7) applies to admission to a psychiatric hospital defined as a state mental health institute, non-state mental health institution, or designated non-state mental health institution.

3

By plain reading, the protection of the rights of an individual are clearly obvious within the statutory scheme. A non-medical person is not qualified to determine whether someone is mentally ill in the context of having them committed so, to the extent they determine a person is likely to cause serious harm himself or others, it requires the patient to be taken to a hospital. The first protection for the patient is that a medical practitioner must examine the individual as soon as is reasonably possible but no later than 24 hours after being taken to the facility. The medical practitioner then creating the certificate for the judicial officer to approve, puts in action the removal of the individual to a psychiatric hospital where the second protection for the individual takes place, that is, the first certification must be affirmed by an appropriate psychological medical practitioner at the psychiatric hospital within twenty-four hours. Therefore, the presence at a hospital in the first instance is not an admission, but the presence at the psychiatric hospital on order of the judicial officer is an admission. In the present case, with very few minutes to spare, the patient received the required mental health examination within the twenty-four hours of his admission.

For the reasons stated above, the entry will be:

> The decision of the District Court in the matter of In re: Patrick B. is AFFIRMED.

DATED: June 4, 2014

Donald H. Marden
Superior Court Justice

4